UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INFORMATIVE TECHNOLOGY SYSTEMS LLC,<br><br>                    Plaintiff(s),<br>      v.<br><br>AXINOM CORPORATION,<br><br>                    Defendant(s). | CASE NO. 2:21-cv-01594-TL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

This matter is before the Court on Plaintiff's Opposed Motion for Extension of Time (Dkt. No. 19) requesting an additional 30 days to respond to Defendant Axinom Corporation's Motion to Dismiss for Failure to State a Claim Under Federal Rule 12(b)(6) (Dkt. No. 15). Having reviewed Plaintiff's motion, Defendant's response (Dkt. No. 20), and the relevant record, the Court herby GRANTS Plaintiff's request for addition time to respond. Plaintiff shall have until **October 19, 2022,** to file a response to Defendant's motion to dismiss.

Plaintiff Informative Technology Systems LLC filed this lawsuit on November 26, 2021, raising claims of patent infringement against Defendant Axinom Corporation. Dkt No. 1. For

more than seven months, Plaintiff attempted to identify and serve the appropriate defendant, requiring the Court to enter an order to show cause and grant two extensions of time for Plaintiff to serve process. *See* Dkt. Nos. 9-13. Plaintiff's second motion for extension of time to serve process was filed one month *after* the deadline set by the Court with no explanation given for the delay, and the Court cautioned Plaintiff that untimely motions may be summarily denied, stricken, or ignored. Dkt. No. 13 at 2. On July 1, 2022, Plaintiff filed proof of waiver of service signed by Defendant's counsel. Dkt. No. 14. On August 29, within the time allotted for Defendant to respond to Plaintiff's Complaint, Defendant filed a Rule 12 motion to dismiss for failure to state a claim. Dkt. No. 15. Pursuant to LCR 7(d), Plaintiff's response in opposition to the motion to dismiss is due September 19, and Defendant's reply brief is due on the date the motion is noted for consideration, September 23, 2022.

Plaintiff now moves the Court for an additional 30 days to prepare and file an opposition to Defendant's motion to dismiss. Dkt. No. 19. Plaintiff's only claim for good cause is that "[Mr. Johnson,] lead counsel for Plaintiff[,] was out of the office traveling with limited connectivity when Defendant filed its Motion to Dismiss. . . . [and] had to attend to multiple unplanned chemotherapy treatments" upon his return. *Id.* at ¶ 4. The motion is signed by Brian Holloway, the only attorney to appear on behalf of Plaintiff in this case to date. The motion lists two additional out-of-state attorneys representing Plaintiff: (1) D. Bradley Kizzia and (2) Jay Johnson. Despite being referred to as "lead counsel," Mr. Johnson has not yet noticed an appearance in this case and is listed in the motion as "pro hac vice forthcoming," even though the Court has not received an application for pro hac vice admission. Nor has the Court received a pro hac vice application for Mr. Kizzia. Even if Mr. Johnson is eventually allowed to appear pro hac vice on behalf of Plaintiff, Mr. Holloway, as local counsel, must "attest[ ] that he . . . will be prepared to handle the matter in the event [Mr. Johnson is unavailable] on any date scheduled by

the court." LCR 83.1 (d)(2). Mr. Holloway, the attorney who has appeared on behalf of Plaintiff and filed the motion for extension, does not explain why the two attorneys who are apparently available to work on the opposition briefing (himself and Mr. Kizzia) are unable to meet the deadline despite Mr. Johnson's partially unexpected period of unavailability.

Plaintiff's motion instead focuses on the fact that Defendant's counsel did not immediately respond to its attempts to confer about extending the opposition deadline for the motion to dismiss. *Id.* at ¶ 5. Despite the delay in connecting with Defendant's counsel, it is unclear why it took more than ten days (between August 29 and September 9) for Plaintiff's counsel to initiate communication with Defendant's counsel regarding Mr. Johnson's unavailability and the need to extend the opposition deadline. *Id.*

Plaintiff acknowledges that Defendant opposes the extension, yet Plaintiff filed the motion requesting relief from the deadline as a same day motion. *See id.* (filed on September 14 with a noting date of September 14). Local civil rules allow for motions to be noted for same day consideration only in limited circumstances. LCR 7(d). Opposed motions for relief from a deadline are to be noted for consideration on the second Friday after the date of filing. *Id.* Additionally, even though Judge Lin's chambers procedures require motions for extensions to be filed *at least* three days before the relevant due date and give opposing parties only two days to respond, Judge Lin's standing order also notes that "[t]he Court will not prioritize such motions simply because the [moving party] waited until a deadline is imminent before filing a motion to extend." Judge Tana Lin, Standing Order for All Civil Cases, Section II.G (last updated Apr. 26, 2022).

However, in the interest of ensuring a ruling on the merits of Defendant's motion to dismiss, *c.f. Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (noting "public policy favors disposition . . . on the merits"), the Court will grant Plaintiff's request for an extension.

The Court is concerned with the pattern that is emerging from Plaintiff's counsel's handling of this litigation and cautions that any future requests for relief from Court deadlines will be granted only upon a showing of substantial good cause.

The Court therefore ORDERS:

1) Plaintiff's Opposed Motion for Extension of Time (Dkt. No. 19) is GRANTED. The deadline for Plaintiff to file a response in opposition to Defendant's motion to dismiss is extended to **Wednesday, October 19, 2022**.

2) Accordingly, Defendant's deadline to file a reply is extended to **Friday, October 28, 2022.**

3) The Clerk is directed to re-note Defendant's motion to dismiss (Dkt. No. 15) for consideration on **October 28, 2022**.

Dated this 16th day of September 2022.

Tana Lin
United States District Judge